IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAFEGUARD PROPERTIES MANAGEMENT, LLC, | ) ) ) | CASE NO. 1:17 CV 565 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| MIDFIRST BANK, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion of Defendant MidFirst Bank ("MidFirst") to Dismiss or Stay Proceedings Pending Arbitration. (ECF #9) Plaintiff Safeguard Properties Management, LLC ("Safeguard") has filed a brief and supporting materials in opposition. MidFirst has filed a reply brief in support and Safeguard has filed a sur-reply. This matter is now fully briefed and ready for ruling. After a thorough review of all of the briefs, supporting documents, and relevant law, the Court finds that the Defendant's Motion should be granted and the action dismissed without prejudice with leave to re-file if necessary following completion of arbitration.

## **FACTS**

Plaintiff filed this action on March 17, 2017 against Defendant alleging claims of Breach of Contract, Open Account, Account Stated and Unjust Enrichment based upon Defendant's alleged failure to pay Plaintiff for Contract Services performed by Plaintiff in accordance with the Master Agreement between the parties. Safeguard provides mortgage field services

throughout the United States. MidFirst hired Safeguard to perform inspection, preservation, and repair services on foreclosed residential properties, so that MidFirst could receive mortgage insurance benefits under federal home loan programs. Plaintiff asserts that its claims for payment for Contract Services performed arise out of Section 4 of the Master Agreement, which does not contain an arbitration clause.

Defendant MidFirst asserts that under Section 11 of the Master Agreement, Safeguard was required to indemnify MidFirst for "any and all loss" of any kind that "is in any way connected with any violation or failure to comply with the Rules." HUD regulations require that foreclosed properties be in "conveyance condition" in order to receive federally guaranteed mortgage insurance benefits. MidFirst states that for many years Safeguard paid indemnification claims submitted by MidFirst to cover its losses from conveyance denials for Safeguard's failure to meet HUD requirements. However, in 2014 Safeguard began refusing to indemnify MidFirst for losses that it had previously covered. Accordingly, in 2016 MidFirst began setting off its losses against Safeguard invoices yet to be paid. The amount of losses that Safeguard has failed to indemnify under the Master Service Agreement exceeds $20 million. Safeguard's indemnification claims exceed the amount of Safeguard invoices at issue here.

Safeguard's claim for indemnification arises under Section 11 of the Master Agreement which includes an arbitration clause. MidFirst submitted the parties' dispute over the indemnification issue to arbitration on February 23, 2017. When Safeguard refused to arbitrate, MidFirst filed an action in the United States District Court for the Western District of Oklahoma to compel Safeguard to arbitrate. The Oklahoma District Court ordered the parties to arbitrate MidFirst's indemnification claims and the issue of whether MidFirst has the right to offset its

damages by an amount equal to monies owed to Safeguard on unpaid invoices. The parties have conferred with the Arbitrator who will be working on their claims and have a scheduling order. The arbitration hearing was recently re-scheduled from October 10, 2017 to January 29, 2018 at the request of Safeguard. In accordance with the arbitration deadlines, Safeguard asserted a counterclaim in the arbitration for recovery of the amounts due on unpaid invoices. Safeguard states that it asserted the counterclaim in the arbitration as a precautionary measure and was not waiving any rights it had to bring its affirmative claims for unpaid invoices in this Court. MidFirst has asserted affirmative defenses in this action that Plaintiff's claims are barred by Plaintiff's prior material breach of the Agreement; that the amounts sought by Plaintiff are subject to a right of setoff by MidFirst; and, that MidFirst's defenses are subject to mandatory arbitration under the parties Agreement.

In the Motion before the Court, MidFirst requests that this Court dismiss or stay this action until the completion of the arbitration because Safeguard's claims relate to and/or are otherwise inextricably intertwined with the claims being arbitrated.

## **ANALYSIS**

The Federal Arbitration Act ("FAA") was designed to overcome the traditional common law hostility to arbitration clauses and to ensure enforcement of such agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985). The FAA mandates that district courts refer parties to arbitration on issues that the parties have agreed to arbitrate. *Id.* at 218. The Sixth Circuit applies a four part test to determine whether to grant motions to stay and compel arbitration.

> First, it must determine whether the parties agreed to arbitrate;
> second, it must determine the scope of that agreement; third, if
> federal statutory claims are asserted, it must consider whether
> Congress intended those claims to be nonarbitrable; and fourth, if

> the court concludes that some, but not all, of the claims in the
> action are subject to arbitration, it must determine whether to stay
> the remainder of the proceedings pending arbitration.

*Tolbert v. Coast to Coast Dealer Serv.*, 789 F.Supp.2d 811, 816 (N.D. Ohio, 2011)(citing Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000).

The District Court in Oklahoma has already ruled that MidFirst's indemnification claims and asserted right of set off against Safeguard's unpaid invoices are subject to mandatory arbitration pursuant to the Master Agreement between the parties. Moreover, Plaintiff's affirmative claims in this action have been asserted, albeit under duress, as counterclaims in the arbitration. Thus, while the parties agree that Safeguard's claims for payment of its invoices are not subject to the arbitration clause of the Master Agreement, MidFirst's affirmative defenses are. The only issue before the Court is whether Safeguard's non-arbitrable claims are so intertwined with MidFirst's arbitrable claims that the action should be dismissed or stayed pending resolution of arbitration. One of the issues before the Arbitrator will be whether Safeguard breached the Master Agreement by refusing to indemnify MidFirst for certain losses. If that claim is resolved in favor of MidFirst by the Arbitrator, Plaintiff's claim for breach of contract will be negatively impacted if Safeguard has been found to be in prior breach of the Master Agreement. Overall, it is clear that Safeguard's claims here share elements with MidFirst's claims subject to arbitration and that the decision in the arbitration proceeding will affect the resolution of Safeguard's claims here. Accordingly, having determined that Safeguard's claims relate to and/or are otherwise inextricably intertwined with the claims being arbitrated, this action will be dismissed without prejudice. *See Bowie v. Clear Your Debt, LLC*, No. 1:11 CV 1266, 2012 WL 892607 (N.D. Ohio Mar. 14, 2012).

## **CONCLUSION**

For the reasons set forth above, the Motion of Defendant MidFirst Bank to Dismiss or Stay Pending Arbitration (ECF #9) is granted. This action is dismissed without prejudice and Motion to Dismiss and Compel Arbitration (ECF #9) is GRANTED. This case is dismissed without prejudice and may be re-filed, if appropriate, following completion of arbitration.

IT IS SO ORDERED.

                                                             */s/Donald C. Nugent*
                                                             DONALD C. NUGENT
                                                             United States District Judge

DATED: October 11, 2017